■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PROVENZANO, and HAROLD KONIGSBERG, Appellants.—Appeal from a judgment of the County Court of Ulster County, rendered June 21, 1978, upon a

verdict convicting defendants of the crime of murder in the first degree (former Penal Law, § 1044). Anthony Provenzano and Harold Konigsberg were charged with the murder of one Anthony Castellito approximately 15 years after he disappeared in June of 1961. Although Castellito's body was never discovered, the defendants were jointly tried and convicted upon proof consisting of admissions, accomplice testimony and circumstantial evidence. That proof differed somewhat as to each defendant, but some of the alleged errors raised by them on this appeal involve matters equally applicable to both. In particular, it is contended that the trial court improperly denied their challenge for cause to an individual juror, Theresa E. Thomas. We agree. The record discloses that Mrs. Thomas had met the trial prosecutor, Michael Kavanagh, about three years previously and that both were members of a local political club. In addition to their social acquaintance, she had participated in Mr. Kavanagh's successful campaign to become Ulster County District Attorney in the general election conducted some seven months before the trial. CPL 270.20 (subd 1, par [c]) provides for the disqualification of a juror who, *inter alia,* "bears some * * * relationship to [counsel for the People] of such nature that it is likely to preclude him from rendering an impartial verdict". Defendants' objection to jury service by Mrs. Thomas on that basis was disallowed and the parties have stipulated in argument before this court that the challenge was made under circumstances that would constitute a ground for reversal if such ruling was erroneous (CPL 270.20, subd 2). In *People v Branch* (46 NY2d 645), the Court of Appeals squarely decided that a prospective juror's expurgatory declaration of impartiality was unavailing when the foregoing claim of implied bias was established. Consequently, even though there was no reason to doubt Mrs. Thomas' statement that her association with the District Attorney would play no part in arriving at a verdict, her automatic exclusion from the jury was mandated if the nature of that relationship was "likely to preclude" her from reaching an impartial verdict. While the challenged juror in *Branch (supra)* was a part-time police officer who had actually worked with the prosecutor on other criminal cases, we perceive no reason to find Mrs. Thomas' relationship to the District Attorney in this matter to be any less enmeshed. She readily admitted that she believed him to be the best qualified candidate for that office; had not changed her opinion; and had listened to expressions of his goals if elected District Attorney at approximately two political functions. Thus, while her participation in that campaign was described as a party rather than an individual effort, her association, viewed from a purely objective standpoint, is almost identical to the situation presented in *Branch.* Moreover, as another defense argument reflects, the instant prosecution did gain a degree of adverse pretrial publicity and the indictment itself was pending long before Mr. Kavanagh became District Attorney. In the language of the Court of Appeals, "the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. It is precisely for this reason that so many veniremen are made available for jury service." *(People v Branch, supra,* pp 651-652.) Accordingly, we are constrained to reverse the present judgment as to both defendants. Since we do not find the trial evidence to be legally insufficient, or the verdict to be against the weight of that evidence, a new trial must be directed (CPL 470.20). This disposition makes it unnecessary to consider defendants' remaining contentions and we express no opinion on them. However, the trial court would be well advised to avoid its restrictions on defendants' cross-examination of prosecution witnesses should

parallel circumstances arise upon the retrial. Judgment reversed, on the law, and a new trial ordered as to both defendants. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.